UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------
PHILIP BLESSINGER, *et al.*,

                    Plaintiffs,

        -against-

CITY OF NEW YORK, *et al.*,

                    Defendants.
------------------------------------------

17cv47
17cv108

OPINION & ORDER

WILLIAM H. PAULEY III, District Judge:

        Defendants the City of New York, District Attorney Cyrus Vance, and five Assistant District Attorneys, move to dismiss this federal civil-rights action by retired police officers who were indicted in a massive Social Security fraud. For the following reasons, Defendants' motion to dismiss is granted.

## BACKGROUND

        Plaintiffs Philip Blessinger, John Byrne, Scott Greco, and Darlene Ilchert were indicted in a sweeping investigation by the Manhattan DA into a large-scale Social Security Disability insurance fraud. The masterminds of the scheme, the "Lavallee Group," approached retired police officers like Plaintiffs and offered to prepare fraudulent applications for Social Security Disability Insurance ("SSDI") in exchange for cash kickbacks from the resulting SSDI benefits. The Lavallee Group sent Plaintiffs to selected mental-health professionals who provided documentation of psychiatric conditions such as post-traumatic stress disorder, anxiety disorder, and depression. Plaintiffs allegedly used these diagnoses to file fraudulent SSDI applications, which were prepared by the Lavallee Group and contained substantively identical

claims. Once they obtained the SSDI benefits, Plaintiffs paid the Lavallee Group in cash increments of less than $10,000.

In January 2014 a Manhattan grand jury indicted Plaintiffs (along with more than one hundred other individuals), charging them with Grand Larceny and Criminal Facilitation. They were subsequently arrested on warrants issued under the indictments. ADA Bhatia also filed civil asset forfeiture proceedings against Plaintiffs, alleging that the proceeds of the scheme were subject to forfeiture. Three of the Plaintiffs filed motions to dismiss their indictments for lack of evidence and improper venue; the presiding New York Supreme Court justice denied each motion. Following the indictments, the District Attorney's office continued to investigate the charges by, inter alia, sending investigators to speak to Plaintiffs' family members, neighbors, and friends.

In August 2016 ADA Santora moved to dismiss the charges against each Plaintiff, citing "additional information and records . . . includ[ing] psychiatric reports, additional medical records, [and] work history reports, each of which was not available to the People at the time the Grand Jury voted the Indictment." (Declaration of Elizabeth N. Krasnow ("Krasnow Decl."), ECF No. 42, Ex. D at 2.) In light of "this and other newly discovered information," Santora stated, "the People believe they are unable to prove the cases against these four defendants beyond a reasonable doubt." (Krasnow Decl., Ex. D at 2.) The District Attorney also stipulated to a dismissal of the civil forfeiture proceedings the following day. Notably, these stipulations contained remedy waivers that Defendants are not seeking to enforce in this case. (See, e.g. Krasnow Decl., Ex. L at 2.)

DISCUSSION

A.  The Individual § 1983 Claims

      Defendants argue that the claims for false arrest, malicious prosecution, unreasonable asset seizure, and abuse of process under § 1983 are barred by the Eleventh Amendment (with respect to claims brought against the DA Defendants in their official capacities) and the doctrine of absolute prosecutorial immunity (with respect to claims brought against the DA Defendants in their individual capacities).  See Ying Jing Gan v. City of New York, 996 F.2d 522, 529 (2d Cir. 1993) ("[T]he capacities in which a state official is sued for damages under § 1983 establish parallel lines of privileges.")

      Plaintiffs' claims against the DA Defendants in their official capacities are plainly barred by the Eleventh Amendment which, "with few exceptions, bars federal courts from entertaining suits brought by a private party against the state in its own name."  Ying Jing Gan, 996 F.2d at 529.  Prosecutors are entitled to Eleventh Amendment immunity when they are acting as state officials rather than city or county employees.  When prosecuting a criminal matter on behalf of the state—for example, in "making an individual decision whether to prosecute"—a district attorney is considered a state official for Eleventh Amendment purposes.  Peterson v. Tomaselli, 469 F. Supp. 2d 146, 157 (S.D.N.Y. 2007); see also Baez v. Hennessy, 853 F.2d 73, 77 (2d Cir. 1988) ("[W]hen prosecuting a criminal matter, a district attorney in New York State, acting in a quasi-judicial capacity, represents the State not the county.").

      Here, Plaintiffs allege that the DA Defendants violated their constitutional rights by indicting and arresting them, freezing their assets as possible proceeds of fraud, and later dismissing the charges.  All of this conduct is part and parcel of a district attorney's role in

prosecuting (or deciding whether to continue to prosecute) a crime on behalf of the state. Accordingly, these claims cannot form the basis for liability against the DA Defendants in their official capacities.

Similarly, the claims against the DA Defendants in their individual capacities are barred by the doctrine of absolute immunity. See Ying Jing Gan, 996 F.2d at 529. This immunity "is broader than Eleventh Amendment immunity . . . and extends beyond the decision of whether or not to prosecute." Peterson, 469 F. Supp. 2d at 159. Absolute prosecutorial immunity reflects the need "to preserve the integrity of the judicial process and . . . enable zealous performance of prosecutorial duties . . . without the constant threat of legal reprisals." Pinaud v. Cty. of Suffolk, 52 F.3d 1139, 1147 (2d Cir. 1995). Prosecutors can claim absolute immunity for "prosecutorial activities that are 'intimately associated with the judicial phase of the criminal process, [including] initiating a prosecution and [] presenting the state's case.'" Peterson, 469 F. Supp. 2d at 159 (quoting Imbler v. Pachtman, 424 U.S. 409, 430–31 (1976)). Ultimately, absolute immunity covers "virtually all acts, regardless of motivation, associated with [the DA's] function as an advocate." Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1994).

Plaintiffs' claims against the DA Defendants in their individual capacities are based on conduct that falls squarely within the scope of absolute immunity. Specifically, Plaintiffs allege that the DA Defendants conducted a subpar investigation and, as a result, indicted innocent parties. These acts are exactly the type that courts in this circuit have repeatedly found to be protected by the doctrine of absolute immunity. See, e.g. Bernard v. Cty. of Suffolk, 356 F.3d 495, 503 (2d Cir. 2004) (finding absolute immunity for prosecutor's decision to seek indictment without probable cause); Hill v. City of New York, 45 F.3d 653, 661 (2d Cir. 1995) (absolute immunity applies even when prosecutor alleged to have presented

falsified evidence to the grand jury); Spear v. West Hartford, 954 F.2d 63, 66 (2d Cir. 1992) (applying absolute immunity to prosecutors who initiated civil suits in connection with criminal prosecutions).

B. Monell Claims

Plaintiffs also bring claims against the City of New York for municipal liability as a result of the alleged § 1983 violations of the DA Defendants. To state a claim for municipal liability under § 1983, a plaintiff must prove that (1) the alleged actions by the municipal employees were the result of a specific official policy, custom, or practice of the municipal defendant, (2) this policy, practice, or custom caused plaintiff's alleged injuries and (3) those alleged injuries constituted a violation of plaintiff's constitutional rights. Monell v. Dept. of Social Svcs. of the City of N.Y., 436 U.S. 658, 691–94 (2000). This claim fails at the outset because, as discussed above, Plaintiffs have failed to plead an underlying violation of their constitutional rights.[1] Accordingly, Plaintiffs' municipal liability claims must be dismissed.

C. State-Law Claims

Plaintiffs' remaining state-law claims for abuse of process, gross negligence, and respondeat superior are dismissed for failure to comply with the notice of claim requirement of General Municipal Law §§ 50-e and 50-i. Plaintiffs did not respond to Defendants' arguments regarding the late notices of claim, and accordingly concede those points. See In re Jumei Int'l

---

[1] Even if Plaintiffs had pled a constitutional violation, however, their theory of liability—that the City failed in its duty to properly oversee the DA's office—misconstrues the relationship between the City and the District Attorney. Because "[t]he responsibilities attendant the position of [district attorney] necessitate the exercise of completely impartial judgment and discretion," the City is not responsible for regulating and overseeing the conduct of the DA or ADAs. Jones v. City of New York, 988 F. Supp. 2d 305, 314 (E.D.N.Y. 2013). Similarly, any Monell claim based on a failure-to-train theory fails because Plaintiffs do not allege a single previous constitutional violation— much less a pattern of similar violations—that would have put the City or Defendant Vance on notice of a deficient training or oversight program. See Connick v. Thompson, 563 U.S. 51, 67 (2011).

Holding Ltd. Sec. Litig., No. 14-CV-9826, 2017 WL 95176, at *5 n.4 (S.D.N.Y. Jan. 10, 2017) (arguments not rebutted in opposition briefs are deemed conceded).

## CONCLUSION

For the reasons stated above, Defendants' motion is granted and this case is dismissed. The Clerk of Court is directed to terminate all pending motions and mark this case as closed.

Dated: September _1_, 2017
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.